UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDIS L. WILSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>H. A. RIOS, JR.,<br><br>　　　　　Respondent. | Case No.: 1:12-cv-00563-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 12)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>NO CERTIFICATE OF APPEALABILITY IS REQUIRED |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant petition was filed on April 11, 2012, challenging the jurisdiction of the sentencing court, the United States District Court for the Eastern District of Washington, to revoke Petitioner's supervised release and impose a 10-month prison term after Petitioner was arrested and convicted on a state drug charge while on supervised release in his federal conviction. (Doc. 1).[1]

---

[1] Although the Court's case management docket lists a "first amended petition" as being filed on April 30, 2012, the document is clearly intended to be a supplement to the original petition, not an amended petition that supersedes the original.

1

The petition, the motion to dismiss, and Respondent's attached exhibits, indicate that on June 21, 2007, Petitioner pled guilty and was convicted in the United States District Court for the Eastern District of Washington, of possession of counterfeit currency, in violation of 18 U.S.C. § 472, and sentenced to a 15-month prison term and three years of supervised release. (Doc. 12, Ex. E). Petitioner's supervised release was to run from August 8, 2008 until August 21, 2011. (Doc. 12, Ex. E). On August 5, 2010, however, a state criminal information was filed in the Spokane County Superior Court alleging that Petitioner was guilty of delivery of a controlled substance, i.e., crack cocaine and that he dispensed it. (Id.). On November 1, 2011, Petitioner pled guilty to the state charge and was sentenced to a twenty-month state prison term. (Id.). On January 18, 2012, Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Washington, on the same grounds as set forth in this case, i.e., that the sentencing court lacked jurisdiction to impose the original 15-month sentence and supervised release. (Doc. 12, Exs. C, E). On May 7, 2012, the sentencing court denied Petitioner's § 2255 motion, finding that the court had jurisdiction to impose the original sentence. (Doc. 12, Ex. E).

On April 19, 2012, the Court ordered Respondent to file a response to the petition. (Doc. 5). On June 13, 2012, Respondent filed the instant motion to dismiss, contending that the Court lacks habeas jurisdiction because Petitioner is attacking his sentence and conviction, rather than the conditions of his confinement. (Doc. 1). On June 27, 2012, Petitioner filed his opposition to the motion to dismiss. (Doc. 13). Previously, both parties have filed their written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Docs. 7 & 10).

Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will grant the motion to dismiss and dismiss the petition for lack of jurisdiction.

**DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);

2

1  Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

2  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court

3  has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal

4  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

5  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United

6  States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

7        In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's

8  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v.

9  Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir.

10  1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925

11  F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United

12  States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677

13  (9th Cir. 1990).

14        Petitioner's claim that the sentencing court lacked jurisdiction to impose the sentence is a clear

15  challenge to his sentence, not to the conditions of his confinement or execution of the sentence.  As

16  mentioned, the proper vehicle for raising such a challenge is a motion to vacate, set aside, or correct

17  the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.

18        Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under §

19  2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

20  validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States

21  v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this

22  is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show

23  actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255

24  is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not

25  inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3,

26  5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);

27  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th

28  Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);

1  Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956);
2  see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of
3  § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on
4  the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d
5  76, 83 (9th Cir. 1963).
6       In Ivy v. Pontesso, 328 F.3d 1057, the Ninth Circuit held that the remedy under a § 2255
7  motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally
8  barred from filing a second or successive motion under § 2255.  Ivy, 328 F.3d at 1060-1061.  That is,
9  relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged
10 test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2)
11 [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim."  Id. at 1060.
12      "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim,
13 we ask whether petitioner's claim 'did not become available' until after a federal court decision."
14 Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008).
15 "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after
16 he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any
17 way relevant' to petitioner's claim after that first § 2255 motion."  Id., citing Ivy, 328 F.3d at 1060-
18 1061.
19      Here, Petitioner cannot seriously contend that he has never had an unobstructed procedural
20 shot at raising his claim of lack of jurisdiction.  Indeed, he readily acknowledges in the petition that he
21 raised such a claim in the sentencing court, and Respondent's exhibits contain a copy of the sentencing
22 court's denial of Petitioner's § 2255 motion confirming that Petitioner did raise this issue previously in
23 a § 2255 proceeding.
24      Ivy is thus dispositive of Petitioner's contention.  In that case, petitioner, who was convicted
25 in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a
26 habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that
27 he was actually innocent because the indictment did not charge him with the requisite three offenses to
28 sustain a conviction for a continuing criminal enterprise.  Ivy, 328 F.3d at 1058.  After an unsuccessful

appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. Petitioner obviously raised this very issue in the sentencing court in a § 2255 motion within the last six months. He therefore cannot seriously contend that he has "never had" the opportunity to raise the issue by motion. Ivy, supra at 1060. Because the "savings clause" requirements are not satisfied, Petitioner cannot raise this issue in a § 2241 petition but must, instead, raise the claim in a § 2255 motion. Hence, the instant petition must be dismissed for lack of jurisdiction.[2]

Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to

---

[2] Because the Court finds that it lacks habeas jurisdiction to proceed, it need not address Respondent's alternate argument that the petition should be denied on its merits.

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in the sentencing court, i.e., the Eastern District of Washington.

## **ORDER**

For the following reasons, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss (Doc. 12), is GRANTED;
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of jurisdiction;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **July 26, 2012**                             **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE